# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| BRISTON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 3:21-CV-81-KAC-HBG |
| v. ) | |
| ) | |
| STATE OF TENNESSEE, ) | |
| MIKE PARRIS, and ) | |
| CORRECTION OFFICERS 1-10, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

The Court is in receipt of pro se prisoner Briston Smith's complaint for violation of 42 U.S.C. § 1983 [Doc. 3], and a motion for leave to proceed *in forma pauperis* [Doc. 1].

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must (1) tender the full filing fee *or* (2) file an application to proceed *in forma pauperis* without prepayment of fees *and* a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a). Mr. Smith has not paid the required $400.00 filing fee, nor has he submitted the proper documents to proceed *in forma pauperis*. Specifically, he has not filed a certified copy of his inmate trust account for the six-month period immediately preceding the filing of the Complaint.

The Clerk is **DIRECTED** to send Mr. Smith a prison account statement form. Mr. Smith shall have twenty-one (21) days from the date of entry of this Order to pay the full

filing fee or submit the certified copy of his inmate trust account. If Mr. Smith **FAILS TO FULLY COMPLY WITH THIS ORDER BY THE DEADLINE**, the Court shall presume that he is not a pauper and will **ORDER THE CASE DISMISSED FOR WANT OF PROSECUTION**.

As soon as practicable, the Court will screen the Complaint pursuant to the Prison Reform Litigation Act. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(A)–(B). The Court **WILL NOT** consider any amendments and/or supplements to the Complaint or any other kind of motion for relief until after this screening is complete. Accordingly, any requests to amend or supplement the Complaint and/or motions filed before the Court has completed this screening will be automatically denied.

Finally, Mr. Smith is **ORDERED** to immediately inform the Court and the Defendants of any address changes in writing, within fourteen (14) days of the change of address. Pursuant to Local Rule 83.13, "it is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. Failure to timely respond to an order or pleading addressed to the last address provided by the pro se plaintiff may result in the dismissal of the case or other appropriate action. *Id.*

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
