UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRISTON SMITH, )
)
      Plaintiff, )
)
v. ) No.: 3:21-CV-81-KAC-HBG
)
MIKE PARRIS (individual capacity) and )
DOES 1-5,[1] )
)
      Defendants. )
)

**<u>MEMORANDUM & ORDER</u>**

    This case is before the Court on Plaintiff Briston Smith's pro se[2] complaint,[3] which purports to allege violations of 42 U.S.C. § 1983 [Doc. 8], and Plaintiff's "Motion for Appointment of Counsel" [Doc. 9]. The Court addresses each in turn.

**I. PLRA SCREENING**

    Because Plaintiff is incarcerated, under the Prison Litigation Reform Act ("PLRA"), the Court must screen his complaint to determine whether he has stated a justiciable claim. *See* 28 U.S.C. § 1915A.

---

[1] Plaintiff's operative Complaint is captioned "Briston Smith[,] Plaintiff, Vs. Michael Parris and Does One (1) and Does (2)" [Doc. 8 at 1]. However, the Complaint makes allegations against "Officers Does 1-5" [Doc. 8 at 4]. As such, the Court interprets the Complaint the be against "Officers Does 1-5".
[2] Plaintiff's initial complaint [Doc. 3] was accompanied by a subpoena to Mike Parris [*See* Doc. 3-1]. The subpoena purports to include the "Attorney's signature" of "Kevin L. Brown" [Doc. 3-1]. "Kevin L. Brown" has not, however, entered an appearance in this case. So, the Court is left to deduce that Plaintiff is appearing pro se.
[3] On March 11, 2021, Plaintiff filed an initial complaint titled "Plaintiff's Second Amended Complaint" [Doc. 3]. Later, on July 6, 2021, Plaintiff filed "Plaintiffs First Amended Complaint" [Doc. 8]. For screening purposes, the Court screens the later-in-time complaint [Doc. 8] because the later-in-time complaint supersedes the initial complaint. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.").

### A. Screening Standards

Under the PLRA, a district court must *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001) (stating PLRA screening procedures apply even if plaintiff pays entire filing fee). "[T]he dismissal standard articulated" by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and "hold [them] to [a] less stringent standard[] than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Id.* Further, "formulaic [and conclusory] recitations of the elements of a . . . claim," which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the

Constitution and laws." 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

### B. Plaintiff's Relevant Allegations

In his operative Complaint, Plaintiff alleges that on or about December 1, 2020, while housed at the Morgan County Correctional Complex ("MCCX"), a fellow inmate, Earl Johnson, repeatedly stabbed him [Doc. 8 at 8-9]. Plaintiff contends that he was thereafter denied immediate and adequate medical attention for the resulting wounds to his head and shoulder [*Id.* at 9-10]. Plaintiff also maintains that the Defendants knew that Mr. Johnson (1) was violent, (2) was not where he was assigned to be, and (3) had been found in possession of weapons prior to the event that gave rise to the underlying Complaint [*Id*. at 7-9].

Plaintiff filed the instant lawsuit claiming that the Defendants—MCCX Warden Mike Parris and "Officers Does 1-5"—deprived him of his constitutional rights in violation of 42 U.S.C. § 1983; failed to protect him; failed to intervene; failed to adequately screen, train, and supervise; and acted negligently in controlling contraband, supervising and training employees, and supervising and monitoring inmate activity [*See generally, id*. at 10-16]. He seeks compensatory and putative damages, as well as "other and further relief as appears just and proper" [*Id.* at 16].

### C. Analysis

Plaintiff names MCCX Warden Mike Parris "in his individual capacity," [Doc. 8 at 5], and "Officers Does 1-5" as defendants and alleges a number of claims against each. The Court screens each of these claims as to each defendant separately.

*1. Mike Parris*

Plaintiff named Warden Mike Parris, "the Warden of the [Morgan County Correctional Complex]" as a Defendant "in his individual capacity" [Doc. 8 at 5]. As such, the Court considers

whether Warden Parris may be individually liable for the wrongs alleged in the Complaint. The Sixth Circuit has held that government officials may be individually liable under section 1983 for a failure to "supervise, control, or train" only if the officials "'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982); *see also Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (explaining that supervisory liability "cannot attach where the allegation of liability is based upon a mere failure to act[,]" . . . but rather, "must be based upon active unconstitutional behavior.") (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). Plaintiff does not allege that Warden Parris either encouraged or personally participated in the events that gave rise to or occurred on December 1, 2020. Accordingly, Plaintiff has failed to assert a cognizable claim against Warden Parris in his individual capacity. Therefore, Warden Parris, in his individual capacity, is **DISMISSED** from this case.

2. *Officers Does 1-5*

Plaintiff also named "Officers Does 1-5" as defendants "in their individual capacities" [Doc. 8 at 4]. As it relates to these unnamed correction officers, Plaintiff's operative Complaint is largely a recitation of legal conclusions without specific factual allegations. Among other details, Plaintiff does not allege specific facts related to (1) the circumstances of the attack or its location; (2) what events, if any, precipitated the alleged stabbing; and (3) most importantly, how any of the unnamed correction officers were purportedly involved in the stabbing incident or resulting medical attention. As such, the Complaint is insufficient to state a cognizable claim against "Officers Does 1-5." *See, e.g., Iqbal*, 556 U.S. at 681; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights . . . to state a claim upon which

4

relief may be granted"). Therefore, Plaintiff has failed to allege sufficient facts that would support a claim against "Officers Does 1-5"; and they are **DISMISSED** from this case.

However, if Plaintiff is in the possession of sufficient specific facts and is given leave to amend his Complaint, he may be able to state a plausible claim against any individual officer who is in fact responsible for the alleged failure to protect him or delay of medical treatment. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under [Federal Rule of Civil Procedure] 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Court therefore grants Plaintiff brief leave to amend his operative Complaint for this specific limited purpose.

## II. "MOTION FOR APPOINTMENT OF COUNSEL"

Plaintiff has also filed a "Motion for Appointment of Counsel" [Doc. 9]. Plaintiff cites to "Title 18, U.S.C. § 3006A" and asks that the Court "appoint counsel to represent him in the above action" [*Id.* at 1]. No additional support for his request or basis of need is included in this motion. Pursuant to 28 U.S.C. § 1915(e)(1) "[t]he court *may* request an attorney to represent any person unable to afford counsel." (Emphasis added.) However, "[a]ppointment of counsel in a civil case is not a constitutional right[,]" but a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F. 2d 601, 605-06 (6th Cir. 1993) (internal citations omitted). In determining whether "exceptional circumstances" exists, the Court considers "the complexity of the case and the ability of the plaintiff to represent himself." *Cavin v. Michigan Department of Corrections*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d 601). Like *Cavin*, this case does not contain complex legal issues and, at this time, it appears that Plaintiff has adequately represented himself. Accordingly, the Court **DENIES** Plaintiff's "Motion for Appointment of Counsel" [Doc. 9].

5

## III. CONCLUSION

As set forth above, if Plaintiff intends to proceed with this suit, he **MUST** file an amended complaint within twenty-one (21) days of entry of this Memorandum and Order, with a short and plain statement of facts setting forth exactly how his constitutional rights were allegedly violated and naming the specific individual officer(s) alleged to be responsible. And the Clerk **will** mail Plaintiff a section 1983 form for this purpose. Plaintiff should clearly and succinctly set forth the facts (*i.e.*, the who, what, where, when, and why) of his claims. The Court will only address the merits of his claims that relate to the incidents in his operative Complaint. As such, Plaintiff **SHALL NOT** set forth in his amended complaint any additional claims that do not relate to the incidents in his operative Complaint; any such additional claims will be **DISMISSED**. The amended complaint will fully replace the current operative Complaint [Doc. 8] and, therefore, it must be complete and not refer to previous pleadings.

If Plaintiff does not file an amended complaint by the deadline, the Court **will DISMISS** the case for failure to prosecute and failure to comply with an order of the Court. *See* E.D. Tenn. L.R. 83.13 ("It is the duty of any party not represented by counsel . . . to monitor the progress of the case, and to prosecute or defend the action diligently."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal of an action or claim "[i]f the plaintiff fails to prosecute or to comply with . . . a court order"); *see e.g., Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001).

For the reasons provided above:

1. Warden Mike Parris (in his individual capacity), and "Officers Does 1-5" are **DISMISSED** from this case;

2. If the Plaintiff intends to proceed with this suit against any specific individual officer, he is **ORDERED** to file an amended complaint as set forth above within twenty-one (21) days of entry of this Order

3. The Clerk is **DIRECTED** to send Plaintiff a form section 1983 complaint; and

6

4. Plaintiff's "Motion for Appointment of Counsel" [Doc. 9] is **DENIED**.

Plaintiff's failure to timely comply with this Order may result in dismissal of this action for want of prosecution and failure to follow a Court order.

**SO ORDERED.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge